# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-CR-154 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Francis Hamer, | |
| Defendant. | |

The Court held a final pretrial conference in this matter on November 28, 2023, and issued bench rulings on the parties' motions in limine. This Order is intended only to memorialize the Court's decisions.

## I.  The Government's Motions in Limine (ECF No. 66)

### Motion in Limine No. 1

The government asks the Court to preclude the defense from offering or referring to the potential punishment, penalty, sentence, or collateral consequences Mr. Hamer may face if convicted at trial. Mr. Hamer does not oppose this request. The Court granted this motion.

### Motion in Limine No. 2

In Motion in Limine No. 2, the government asks for an order precluding the defense, in the presence of the jury, from offering or referring in any way to his own hearsay statements at trial, either during cross-examination or during his case-in-chief. Specifically, the government seeks to limit Mr. Hamer's ability to introduce portions of a statement he

made to law enforcement where he denied accessing, receiving, or distributing child pornography. The Court provisionally granted this motion while acknowledging that evidentiary issues such as this often arise again during trial, so the matter might require further discussion.

### Motion in Limine No. 3

The government asks the Court to preclude any unnoticed testimony or exhibits, including expert testimony and defenses based on alibi, insanity, or public authority. This motion was granted in part. Mr. Hamer confirmed that he is not calling an expert, nor offering a defense that requires specific notice, and so those aspects of the government's motion are not contested. To the extent the defense otherwise raises unanticipated issues on cross-examination or during its case that the government believes were improperly noticed, the Court will address such concerns when they arise.

### Motion in Limine No. 4

In Motion in Limine No. 4, the government asks for an order precluding the defense from pursuing lines of inquiry designed to elicit jury nullification. The Court granted this motion.

### Motion in Limine No. 5

The government asks the Court for an order sequestering potential witnesses except the case agent and experts pursuant to Fed. R. Evid. 615. The Court granted a sequestration except for the government's case agent, Special Agent Rachel Nelson, but all other witnesses in this matter will be sequestered from the courtroom.

**Motion in Limine No. 6**

In Motion in Limine No. 6, the government seeks to preclude the defendant from offering improper character evidence as to any of its witnesses, including law enforcement witnesses, on cross-examination without first providing the government with an opportunity to be heard on its admissibility. The Court granted this motion while also providing the defense with latitude on cross-examination.

**Motion in Limine No. 7**

The government asks the Court for an order regarding Rule 1006 summary charts and demonstratives in this case. The defense objected to the use of the descriptive language in government's Exhibit 6. The defense argued that the descriptions serve no purpose given that the images are clear enough, even sanitized, to help the jury keep track of the evidence. The government agreed to remove the descriptions.

**Motion in Limine No. 8**

In Motion in Limine No. 8, the government asks the Court to allow the brief unsanitized publication of video clips and images of the alleged child pornography to the jury during the presentation of its case-in-chief. In most respects, Mr. Hamer did not object to the government's proposed evidence.

The sole dispute between the parties involves the unsanitized video version of government's Exhibit 1, which is particularly graphic and disturbing. The government argues that it has already significantly modified the portion of the video that will be shown in court, reducing the clip to two seconds, eliminating audio, and choosing the two-second clip carefully. The government has similarly curtailed the other video clips to three seconds

each, and will show each only once. The government asserted that playing Exhibit 1 is necessary because the video is the visual depiction charged in Count 1 of the Superseding Indictment, and that the government intends to prove beyond a reasonable doubt that the video constitutes unlawful child pornography that Mr. Hamer sought out, asked about, and knowingly received.

The Court appreciates Mr. Johnson's argument concerning the risk of undue prejudice but found that the fact Mr. Hamer sought out and communicated about this specific video weighs in favor of its admissibility. Mr. Hamer heard about this video, asked, and received the video, and it is representative of his collection. Furthermore, the video is an enumerated file. As such, the Court granted the motion to introduce the very carefully selected unsanitized clip of the video, and to make the full video available to the jury if needed.

**Motion in Limine No. 9**

The government asks for an order allowing it to introduce evidence of Mr. Hamer's 2012 Minnesota state court conviction for solicitation of a child to engage in sexual conduct, in violation of Minn. Stat. § 609.352, subd. 2; Mr. Hamer's admission during his 2012 case to possessing child pornography; and Mr. Hamer's violations of his state court release conditions by attempting communication with minors through a computer in the children's section of a public library. The government identifies these categories of evidence as admissible under Federal Rule of Evidence 414.

The defense asks the Court to exclude such evidence, arguing that they are unfairly prejudicial to Mr. Hamer. The Court denied the defense's request as the case law permits

4

propensity evidence in this arena and changes the balance that typically applies between probative and prejudicial evidence, putting a significant weight on the scale for admissibility.

The government admitted that as to the probation violation, it was unclear whether Mr. Hamer was soliciting sexual contact with minors or child pornography, and as such, the government moved to admit under Rule 404(b) as well as Rule 414.

The Court admitted the above-referenced evidence under Rule 414 because it satisfies the preponderance of evidence threshold for being "child molestation" evidence, despite it being somewhat unclear what Mr. Hamer was seeking, and also found that it would be admissible under 404(b). Since Mr. Hamer is going to be raising a knowledge and intent defense in this case, the evidence is relevant to demonstrate his knowledge and intent as to obtaining, accessing, and viewing the images and videos alleged in the Indictment.

## II.     Mr. Hamer's Motion in Limine (ECF No. 67)

Mr. Hamer asks the Court for an order precluding the government from offering into evidence or otherwise publishing to the jury, a sanitized or unsanitized video, video clip, screenshots, or other visual depiction of the file referenced in Count 1 of the superseding indictment as "IMG_367.mov." The Court denied this motion for the same reasons it granted the government's Motion in Limine No. 8.

Date: December 4, 2023

_s/Katherine Menendez_
Katherine Menendez
United States District Judge