UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 22-CR-154 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Francis Hamer, | |
| Defendant. | |

On April 23, 2024, the Court sentenced Michael Francis Hamer to 192 months in prison following his conviction for several counts related to the possession and receipt of child pornography. The matter is now before the Court on Mr. Hamer's Motion for Compassionate Release (Dkt. No. 136), which he filed pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, that motion is denied.

The grant of a motion for compassionate release requires "extraordinary and compelling reasons." *See United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1002 (8th Cir. 2023) (quoting U.S.S.G. § 1B1.13(a)(1)(A)). Relevant here, those reasons can include "the defendant's medical condition, age, [and] family circumstances." *Id.*; *see also* 18 U.S.C. § 3553(a).

**Medical Condition**

Mr. Hamer seeks release in part due to his medical situation, which includes several serious conditions. The Court will not recount his medical conditions here. But, after careful review of the presentence report (PSR), his filings, and the 600 pages of medical

records provided by the government (Dkt. No. 153), the Court concludes that Mr. Hamer's medical circumstances do not support compassionate release at this time.

As an initial matter, the Court notes that the arguments offered by Mr. Hamer in support of his motion were largely considered at the time of his sentencing, which was less than a year and a half ago. Many of the ailments that Mr. Hamer currently struggles with were identified in his PSR and were discussed extensively at sentencing. Indeed, it appears that relatively little has changed, aside from a hip injury and new approaches to managing certain chronic conditions.

In any event, the records before the Court demonstrate that Mr. Hamer is receiving substantial ongoing medical care at the Federal Medical Center in Rochester, Minnesota. He has received regular, even frequent, treatment for a long list of conditions, most of which appear to be well-managed according to the most recent records available. And, contrary to his assertion, none of his diagnoses appears to be "terminal." The records also demonstrate that he can care for himself "within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13(b)(1) (noting that compassionate release on medical grounds involves "terminal illness," a "serious physical or medical condition," or "deteriorating physical or mental health . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility"). Specifically, Mr. Hamer can move about the compound, dress, eat, and otherwise tend to his own daily needs. And, aside from difficulties with walking longer distances (for which he has been provided a wheelchair), he can get from place to place on his own.

Simply put, not only does Mr. Hamer fail to show that the Bureau of Prisons is unable to care for him, but he has not shown that he cannot care for himself. Therefore, his medical conditions do not provide a basis for compassionate release pursuant to U.S.S.G. §§ 1B1.13(b)(1)(B) or (C). While the Court is sympathetic to Mr. Hamer's poor health and acknowledges that it likely makes serving time even more difficult, the care he is receiving is more than adequate to meet his needs. *See United States v. Vangh*, 990 F.3d 1138, 1141 (8th Cir. 2021) (affirming denial of compassionate release on medical grounds where defendant suffered serious medical conditions but was receiving adequate medical care and had ability to provide self-care within the environment of a correctional facility).

**Care for a Family Member**

Next, Mr. Hamer argues for compassionate release because his mother has become increasingly infirm and in need of care. The Court can imagine that it is hard for Mr. Hamer to be incarcerated while his mother could so clearly use his help. But the standard he must meet to support his request requires that he establish he is the only available caregiver for his mother, and he fails to do this. U.S.S.G. § 1B1.13(b)(3)(C) (providing that the "incapacitation of the defendant's parent when the defendant would be the only available caregiver" may constitute an extraordinary and compelling reasons). He has three siblings living in Minnesota, where his mother is, and there is no information before the Court to suggest that they cannot provide the needed care. Indeed, the PSR mentions that, at the time of Mr. Hamer's sentencing, his mother received some assistance from his brother, Thomas. His mother's worsening condition, though sad, is not a basis for Mr. Hamer's very early release from custody.

**Danger to the Community**

Finally, the Court finds that Mr. Hamer's release at this time would present a danger to the community. Mr. Hamer committed the offenses in this case while he was already struggling with many of the same medical issues that he faces today, and he was sentenced relatively recently to a very long term of imprisonment. Moreover, the conduct at issue in this case went beyond simply possessing child pornography: Mr. Hamer also engaged in inappropriate sexual communications with apparent minors. Moreover, this is not a case where Mr. Hamer had no prior sex offenses. Contrary to his description of himself as a "first time offender with clean record," Mr. Hamer had two prior convictions for sexual misconduct involving minors: (1) indecent exposure; and (2) solicitation of children to engage in sexual conduct. He committed the current federal offenses with this prior history and while he was a registered sex offender. The Court has grave concerns that Mr. Hamer would reoffend if released at this time, having served only a small portion of his federal sentence. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (affirming denial of compassionate-release motion where the district court based its conclusion of the defendant's dangerousness on his previous conduct).

For these several reasons, Mr. Hamer's motion for compassionate release is **DENIED** at this time.

Date: September 23, 2025         *s/Katherine Menendez*
                                 Katherine Menendez
                                 United States District Judge